### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **VIAAS Inc.**, | |
| Plaintiff, | |
| v. | Civil Action No. 6:22-cv-01052 |
| **Vivint Smart Home, Inc.**, | |
| Defendant. | |

### Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim, and Brief in Support

Defendant Vivint Smart Home, Inc. ("VSH") respectfully moves this Court to dismiss the Complaint filed by Plaintiff VIAAS Inc. ("VIAAS" or "Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) because this Court lacks personal jurisdiction over VSH, because the Western District of Texas is an improper venue for VIAAS's allegations of patent infringement against VSH, and because the Complaint fails to state a plausible claim for patent infringement. In support of its motion, VSH would show the Court as set forth in the following memorandum.

# TABLE OF CONTENTS

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................... 1

II.    STATEMENT OF ISSUES ................................................................................................. 3

III.   ARGUMENTS AND AUTHORITIES .............................................................................. 3

    A.   VIAAS bears the burden of establishing that jurisdiction and venue are proper in this Court ................................................................................................................... 3

    B.   This Court lacks personal jurisdiction over VSH because VSH does not have any contacts with Texas. ........................................................................................ 5

        1.   This Court lacks specific personal jurisdiction over VSH. ............................. 6

        2.   This Court lacks general personal jurisdiction over VSH. .............................. 8

        3.   The exercise of personal jurisdiction over VSH would offend traditional notions of fair play and substantial justice. .................................11

    C.   The Western District of Texas is not a proper venue for VIAAS's patent infringement claims. ....................................................................................... 12

IV.    VIAAS's Complaint fails to state a plausible claim for patent infringement. ..................... 14

V.     CONCLUSION ................................................................................................................. 15

# TABLE OF CONTENTS

## Cases

*Allred v. Moore & Peterson,*
117 F.3d 278 (5th Cir. 1997) ................................................................................... 7, 15

*Ambraco, Inc. v. Bossclip B.V.,*
570 F.3d 233 (5th Cir. 2009) ......................................................................................... 8

*Asahi Metal Indus. Co. v. Superior Court of Cal., Solano County,*
480 U.S. 102 (1987) ................................................................................................. 9, 15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................................... 18, 19

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................................................... 18

*Bot M8 LLC v. Sony Corporation of Am.,*
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................... 18

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) ..................................................................................................... 13

*Daimler AG v. Bauman,*
571 U.S. 117 (2014) ..................................................................................................... 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U.S. 408 (1984) ........................................................................................... 9, 13, 14

*In re Cray, Inc.,*
871 F.3d 1355 (Fed. Cir. 2017) .................................................................................... 17

*In re ZTE (USA), Inc.,*
890 F.3d 1008 (Fed. Cir. 2018) ...................................................................................... 8

*Int'l Shoe Co. v. Wash.,*
326 U.S. 310 (1945) ....................................................................................................... 9

*Lahman v. Nationwide Provider Sols.,*
No. 4:17-cv-00305, 2018 WL 3035916 (E.D. Tex. June 19, 2018) .............................. 8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.,*
253 F.3d 865 (5th Cir. 2001) ..................................................................... 8, 10, 12, 15

*Perkins v. Benguet Consol. Mining Co.*,
   342 U.S. 437 (1952)..................................................................................................... 9

*Personal Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ...................................................................... 16

*Shannon v. Allstate Corp.*,
   1:20-cv-448-LY, 2021 WL 8083333 (W.D. Tex. May 24, 2021) ................................. 8

*Symbology Innovations, LLC v. Lego Systems, Inc.*,
   282 F. Supp. 3d 916 (Fed. Cir. 2017)........................................................................ 17

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   581 U.S. __, 137 S. Ct. 1514 (2017)......................................................................... 16

*Wilson v. Belin*,
   20 F.3d 644 (5th Cir. 1994)............................................................................... 9, 10, 14

*World-Wide Volkswagen Corp. v. Woodson*,
   44 U.S. 286 (1980).................................................................................................. 13, 15

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................ 16

28 U.S.C. § 1406(a) ............................................................................................................ 18

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

For a court to exercise personal jurisdiction over an out-of-state defendant, the defendant must have minimum contacts with the state in which the court sits (the forum state). The quantity or quality of contacts that will suffice to support an exercise of jurisdiction over an out-of-state defendant varies depending on the allegations lodged against it, and whether the misconduct alleged forms the basis of the court's jurisdiction. In addition to minimum contacts with the forum state, a court's exercise of personal jurisdiction over an out-of-state defendant must not offend traditional notions of fairness.

In this suit for patent infringement, VIAAS complains of alleged infringement by VSH on patents that VIAAS purports to hold. *See* Complaint (Dkt. No. 1). But VSH has engaged in no such conduct. VSH is a holding company organized under Delaware laws with its principal place of business in Utah. *See* Exhibit A at ¶¶ 4-5. As the term, "holding company," suggests, VSH merely holds ownership interests in separate entities. *Id*. at ¶ 6. VSH does not engage in any other business or commerce. *Id*. at ¶ 7. Nor does VSH design, develop, produce, manufacture, or otherwise create any products, processes, or applications, including those alleged in paragraph 27 of VIAAS's Complaint. *Id*. at ¶ 8. VSH also does not place any products into the stream of commerce. *Id*. at ¶ 9.

Furthermore, VSH is not, and never has, maintained a regular and established place of business in Texas, registered to do business in Texas, nor has a registered agent for service of process in Texas. *Id*. at ¶¶ 10-11. VSH also does not have any employees in Texas and has never entered into any contracts in Texas or with Texas residents. *Id*. at ¶¶ 12-13. None of VSH's board meetings take place in Texas, no member of VSH's board of directors resides in Texas, and none

of VSH's business is conducted in Texas. *Id*. at ¶¶ 14-15. Additionally, VSH does not maintain a bank account in Texas. *Id*. at ¶ 17.

Simply put, VSH does not carry on any business activities other than holding the ownership interests in other entities, and carries on absolutely no business in Texas. *Id*. at ¶¶ 6-7, 18. As such, VSH lacks the requisite minimum contacts with Texas to subject it to personal jurisdiction in Texas. Where, as here, an out-of-state defendant lacks any contact with the forum state, neither due process nor traditional notions of fairness will support the exercise of personal jurisdiction. Because VSH does not have the requisite minimum contacts with Texas to support the Court's exercise of personal jurisdiction, VIAAS's Complaint against VSH must be dismissed.

Additionally, this Court is an improper venue for VIAAS's patent infringement claims against VSH. Venue is only proper for a claim of patent infringement where the defendant is incorporated, or where the defendant has committed acts of infringement and has a regular and established place of business. VIAAS's Complaint acknowledges that VSH is not incorporated in Texas. *See* Complaint at ¶ 2 ("Upon information and belief, Defendant is a Delaware corporation with a principal address of 4931 North 300 West, Provo, Utah 84604 …."). Additionally, VSH does not have a regular and established place of business in Texas, as evidenced by its complete lack of contacts with Texas. Because VSH is neither a resident of, nor engages in regular business in, Texas, VIAAS's Complaint against VSH must be dismissed for improper venue as well.

Additionally, because VIAAS failed to attach the claim-chart exhibits to its Complaint, the conclusory allegations in the Complaint itself are nothing more than threadbare recitals of the

elements of a cause of action, which do not suffice to plead a plausible claim to survive a motion to dismiss.

For the foregoing reasons, which are explained in more detail below, VIAAS's Complaint against VSH should be dismissed for lack of personal jurisdiction, improper venue, and failure to state a plausible claim pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(6), respectively.

## II.   STATEMENT OF ISSUES

1.        Whether due process supports the exercise of personal jurisdiction over VSH in Texas, when VSH does not have sufficient minimum contacts with Texas.

2.        Whether the Western District of Texas is an appropriate venue for VIAAS's patent infringement claims against VSH, given that VSH is not incorporated in Texas and does not maintain a regular and established business in Texas.

3.        Whether VIAA's Complaint states a plausible claim for patent infringement.

## III.   ARGUMENTS AND AUTHORITIES

### A.   VIAAS bears the burden of establishing that jurisdiction and venue are proper in this Court.

VSH moves for dismissal under both Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(2)-(3). When a defendant moves to dismiss a complaint under Rule 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). The court may consider evidence beyond the complaint by way of affidavits, or otherwise, when considering the question of its exercise of jurisdiction over an out-of-state defendant. *Id.* Moreover, the court is only bound to take the plaintiff's well-pleaded facts as true to the extent they are uncontroverted by a defendant's affidavit. *See Shannon v. Allstate Corp.*, 1:20-cv-448-LY, 2021 WL 8083333, at *4

3

(W.D. Tex. May 24, 2021) (citing *Lahman v. Nationwide Provider Sols.*, No. 4:17-cv-00305, 2018 WL 3035916, at \*4 (E.D. Tex. June 19, 2018)). The court is not required to give deference to the plaintiff's conclusory allegations, though, even when uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("Moreover, the district court correctly held that the prima- facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted.").

Here, VIAAS has failed to carry its burden because it has not—and cannot—establish the propriety of the Court's jurisdiction over VSH. First, the cursory jurisdictional allegations contained within VIAAS's Complaint are vague, at best, and are proffered upon VIAAS's "information and belief." *See* Complaint at ¶¶ 2–3. Second, even if the Court takes allegations in VIAAS's Complaint as true, VSH has controverted them by the evidence submitted herewith. *See* Exhibit A; *see also Shannon*, 2021 WL 8083333, at \*4 ("When considering the motion to dismiss, allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." (internal citations and quotations omitted)).

VIAAS also bears the burden of proving that venue is proper when confronted with a motion to dismiss pursuant to Rule 12(b)(3). *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018); When deciding a motion under Rule 12(b)(3), the Court may consider evidence in the record beyond the facts alleged in the complaint. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). But the court is only bound to accept VIAAS's well-pleaded facts to the extent they are uncontroverted by the defendant. *See Shannon*, 2021 WL 8083333, at \*4.

4

VIAAS cannot carry this burden either, because the evidence submitted herewith conclusively establishes that VSH does not reside in the Western District of Texas, and does not have a regular and established place of business there. *See* Exhibit A at ¶ 16.

**B.      This Court lacks personal jurisdiction over VSH because VSH does not have any contacts with Texas.**

The exercise of personal jurisdiction over an out-of-state defendant in Texas requires that two elements be satisfied. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). First, the out-of-state defendant must have sufficient minimum contacts with the forum state. *Id*. (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Only a defendant who purposefully avails himself "of the benefits and protections of the forum state," will be said to have minimum contacts with that State. *Id*. Second, the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Id*.  (citing *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 113 (1987)).

The minimum contacts analysis can be further subdivided into an analysis of contacts to support the exercise of general personal jurisdiction and contacts to support the exercise of specific personal jurisdiction. *Id*.  Where a defendant's contacts with the forum state arise out of or relate to the specific conduct complained of in the lawsuit, a court may exercise specific jurisdiction over the out-of-state defendant. *Id*.  (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Conversely, where the complained of conduct does not arise out of the defendant's contacts with the forum state, but the defendant has such continuous and systematic contacts with the forum state as to render it essentially at home in the state, a court may exercise general jurisdiction over the out-of-state defendant. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952). The exercise of general personal jurisdiction

requires substantial contacts with the forum state, such that the out-of-state defendant could reasonably anticipate being sued in the forum state. *Wilson*, 20 F.3d at 649.

Here, VSH has insufficient contacts with Texas to support the exercise of personal jurisdiction under either theory, general or specific. Consequently, VIAAS's Complaint must be dismissed.

### 1.    This Court lacks specific personal jurisdiction over VSH.

VIAAS alleges no facts to support its conclusory assertion that, "upon information and belief, Vivint is subject to the specific personal jurisdiction of [the] Court because VIAAS's claims for patent infringement arise from Vivint's acts of infringement in the State of Texas." *See* Complaint at ¶¶ 2–3, 7–8, 21, 28. Instead, VIAAS generally avers that VSH provided infringing products in the State of Texas. *Id*. But VIAAS fails to allege facts in support of these conclusory allegations. Consequently, they are entitled to no deference in the Court's jurisdictional analysis. *Panda Brandywine Corp.*, 253 F.3d at 869 ("Moreover, the district court correctly held that the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted.").

VIAAS's patent infringement claims are premised on the allegation that VSH conducts the unauthorized "making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, produced claimed by the patents-in-suit …." *See* Complaint at ¶ 7. However, even a rudimentary pre-suit investigation would have shown that VSH does not make, use, offer for sale, sell or import anything. VIAAS's allegations in the Complaint are based on the www.vivint.com website. *See* Complaint at ¶¶ 2, 16. However, that same website

makes clear that the products and services offered are offered by Vivint, Inc., not VSH. For

example, the terms of use specifically identify Vivint, Inc. as the owner of the website: [1]



The privacy policy from the same website also makes clear that the user is contracting with

Vivint, Inc., not VSH:[2]



The copyright notice in the footer of each page of the website indicates Vivint, Inc., not

VSH:[3]



The licenses listed on the website for the company are in the name of Vivint, Inc., not

VSH:[4]

---

[1] *See* https://www.vivint.com/legal/terms-of-use.
[2] *See* https://www.vivint.com/legal/privacy-policy.
[3] *See, e.g.*, https://www.vivint.com/legal/privacy-policy.
[4] https://www.vivint.com/legal/licenses#content-grid-item-993946.



VIAAS's Complaint relies on the www.vivint.com website, but ignores the repeated and unambiguous disclosures that make clear that Vivint, Inc. (and not VSH) is the entity that sells the relevant products.

Further, VIAAS's assertions "upon information and belief" are insufficient to establish the Court's specific jurisdiction. *Panda Brandywine Corp.*, 253 F.3d at 869 ("Appellants' sole evidence is their state court petition, which alleges 'upon information and belief' that Appellee knew Appellants are Texas residents and knew its actions would intentionally cause harm to Appellants in Texas. Appellants present no other evidence of Appellee's contacts with Texas relating to Appellants' claims, and thus the district court properly concluded that the allegations are merely conclusory."). As demonstrated above, not only are VIAAS's assertions unsupported, they are contrary to publicly available facts, which demonstrate that VSH does not participate in conduct that can be attributed to infringement within Texas. There simply exists no basis upon which to rest a determination that VSH is subject to the Court's specific personal jurisdiction.

       **2.**    **This Court lacks general personal jurisdiction over VSH.**

VSH does not have any contacts with Texas, much less the continuous and systematic contacts required to fairly assert that VSH is essentially at home in Texas. Consequently, there is no basis for the Court's exercise of general personal jurisdiction over VSH.

Where a defendant's contacts with the forum state are unrelated to the allegations in the plaintiff's complaint, the exercise of personal jurisdiction will only be appropriate if the defendant's contacts with the forum state are so continuous and systematic that it should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotations omitted) (citing *World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 295 (1980)). Random or fortuitous contacts will not suffice. *Id*. at 475. Instead, an out-of-state defendant must be considered essentially "at home" in the forum state to support the exercise of general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). But VSH has no such contacts with Texas.

VSH is a holding company organized under Delaware laws with its principal place of business in Utah. *See* Exhibit A at ¶¶ 4–5. VSH's sole business purpose is to hold the ownership interests of other entities. *Id*. at ¶ 6. VSH does not engage in any other business or commerce. *Id*. at ¶ 7. Nor does VSH, in or outside of Texas, design, develop, produce, manufacture, or otherwise create any products, processes, or applications, including those alleged in Paragraph 27 of VIAAS's Complaint. *Id*. at ¶ 8; *see also supra* Section III.B.1. VSH also does not place any products into the stream of commerce and thus does not place products into the stream of commerce that are specifically targeted at Texas. Exhibit A at ¶ 9.

Like the out-of-state defendant in *Helicopteros*, VSH is not, and has never been, registered to do business in Texas, nor does it have a registered agent for service of process in Texas. Exhibit A at ¶¶ 10–11; *Helicopteros*, 466 U.S. at 411 (holding that sufficient contacts with the State of Texas had not been established to support the exercise of personal jurisdiction and

stating, "Helicol never has been authorized to do business in Texas and never has had an agent for the service of process within the State.").

VSH does not have employees in Texas and has never entered into any contracts in Texas or with Texas residents. Exhibit A at ¶¶ 12–13; *see also Helicopteros*, 466 U.S. at 412 (identifying foreign defendant's lack of ownership of real or personal property in the forum state, lack of contracts in the forum state, and lack of employees in the forum state as factors weighing against the exercise of personal jurisdiction). None of VSH's board meetings take place in Texas, no member of VSH's board of directors resides in Texas, and none of VSH's business is conducted in Texas. Exhibit A at ¶¶ 14–15. Additionally, VSH does not maintain a bank account in Texas. *Id*. at ¶ 17; *see also Wilson*, 20 F.3d at 651 (affirming the district court's dismissal for lack of personal jurisdiction and stating, "[t]hey never made all or even a substantial part of their business decisions in Texas, did not keep bank accounts in Texas, did not hold directors' meetings in Texas, and did not maintain their files in Texas").

Other than holding the ownership interests in other entities, VSH does not carry on any business activities, including developing, designing, producing, or manufacturing any products, processes, or applications, and carries on absolutely no business in Texas. Exhibit A at ¶¶ 6-8, 18. Consequently, VSH lacks the requisite minimum contacts with Texas to subject it to general personal jurisdiction in Texas. VSH has neither continuous and systematic, nor even random or fortuitous, contacts with Texas to support the exercise of general personal jurisdiction over it in this forum.

10

**3.    The exercise of personal jurisdiction over VSH would offend traditional notions of fair play and substantial justice.**

The Court need not even reach the second prong of the jurisdictional analysis, and evaluate the fairness of its exercise of jurisdiction over VSH, because of VSH's lack of contacts with Texas. *Allred*, 117 F.3d at 286 ("Only if the nonresident defendant has sufficient minimum contacts with the forum state will the fairness of the exercise of personal jurisdiction be evaluated."); *see also Panda Brandywine Corp.*, 253 F.3d at 870 (declining to reach the "fair play and substantial justice" analysis after determining that appellant did not have the requisite minimum contacts with the forum state to support the exercise of jurisdiction). Notwithstanding the foregoing, an evaluation of the fairness factors weighs against the exercise of jurisdiction over VSH.

When determining the reasonableness of the exercise of personal jurisdiction, courts should consider the following factors: the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in the efficient resolution of controversies, and the shared interest of the States in furthering substantive social policies. *Asahi Metal Indus. Co., Ltd*, 480 U.S. at 113 (citing *World-Wide Volkswagen*, 444 U.S. at 292).

VSH will incur a disproportionate burden if forced to litigate this matter in Texas, having absolutely no ties to the forum. *See supra* Section III.B. Additionally, Texas has minimal interest in the outcome of this dispute as VIAAS has not competently alleged that any of the complained of conduct actually occurred within the State. *See supra* Section III.B.1. Likewise, VIAAS is neither organized nor maintains its principal place of business in Texas, such that it has no particular interest in obtaining relief in this forum. *See* Complaint at ¶ 1. Finally, the interstate

judicial system's interests, as well as the shared interests of the States, do not support the

exercise of jurisdiction over a dispute rooted in the application of substantive federal law

between companies who are not citizens of this forum.

The exercise of personal jurisdiction over VSH in this matter does not comport with due

process because VSH lacks any contacts with Texas that would support this Court's exercise of

personal jurisdiction over it, whether specific or general. Further, having no contacts with Texas,

the exercise of jurisdiction would offend traditional notions of fair play and substantial justice by

forcing VSH to litigate in a foreign forum which itself has little to no interest in the outcome of

the litigation. This Court should dismiss VIAAS's Complaint for lack of personal jurisdiction

over VSH.

### C. The Western District of Texas is not a proper venue for VIAAS's patent infringement claims.

In addition to failing for a lack of personal jurisdiction, VIAAS's Complaint against VSH

also fails because venue in this district is improper. VIAAS selected an improper venue for its

claims against VSH because VSH does not reside in the Western District of Texas, nor does it

have a regular and established place of business there. *See* 28 U.S.C. § 1400(b).

Section 1400(b) provides two appropriate venues for a civil action for patent infringement:

where the defendant resides, or where the defendant has committed acts of infringement and has

a regular and established place of business. *Id*. For the purposes of Section 1400(b), a defendant

only resides in the state where it is incorporated. *TC Heartland LLC v. Kraft Foods Group

Brands LLC*, 581 U.S. __, 137 S. Ct. 1514, 1521 (2017). It is undisputed that VSH is

incorporated in Delaware, not in Texas, such that VSH does not reside in Texas. *See Personal

Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017) ("Google is incorporated

in Delaware, which is not in the Eastern District of Texas …. The first prong of § 1400(b) cannot be satisfied.").

Additionally, VSH does not maintain a regular and established place of business in the Western District of Texas, such that venue is not proper in this district under the second prong of Section 1400(b) either.[5] A defendant in a patent infringement suit will only be said to have a regular and established business when it has a physical place in the district. *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). That is, there must be "a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362.

In the Complaint, VIAAS alleges that VSH has regular and established places of business throughout this District, including at least at 3311 N Interstate Hwy 35 #101 Austin, TX 78722. However, VSH does not own real property in the Western District of Texas, let alone the Austin, Texas property alleged in paragraph 2 of the Complaint. *See id.*; *see also* Exhibit A at ¶ 16.

Even if Vivint, Inc. maintains a storefront at that location, it cannot be used to satisfy Section 1400(b) for VSH. *See*, *e.g.*, *Symbology Innovations, LLC v. Lego Systems, Inc.*, 282 F. Supp. 3d 916, 933 (Fed. Cir. 2017) (declining to impute the physical locations of defendant's subsidiary stores to defendant for the purpose of interpreting Section 1400(b)).

VIAAS has not—and cannot—establish that VSH has engaged in any business from any location in the Western District of Texas, including at the address referenced in the Complaint. Because venue is improper under Section 1400(b) and *TC Heartland*, this Court should dismiss

---

[5] VSH also denies that it has committed any act of infringement in the Western District of Texas, as detailed herein. *See supra* Section III.B.

VIAAS's Complaint against VSH. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss.…").

## IV.   VIAAS's Complaint fails to state a plausible claim for patent infringement.

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

VIAAS only purports to state a claim for direct patent infringement. The pleading standards for direct infringement do not require ""blanket element-by-element pleading" but do require facts sufficient for an inquiry into "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Bot M8 LLC v. Sony Corporation of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). The level of detail required to meet that standard depends on multiple factors, not limited to "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id*. at 1353. Under any standard, however, the complaint must support its entitlement to relief with "factual content," not just conclusory allegations that the accused product(s) meet every claim limitation. *Id.*

VIAAS's Complaint states only that it accuses products but fails to identify which of products are the subject of infringement. *See* Complaint ¶ 16 (citing to a vivint.com webpage

with multiple disparate products). The, VIAAS's Complaint concludes only that the unidentified accused products infringe the asserted patents—without any factual allegations whatsoever. *See id.* at ¶¶ 18, 25. It appears as though claim charts that were to be attached as Exhibits C and D were to describe how the elements of claim 1 of each asserted patent related to the accused products, but VIAAS failed to attach those exhibits. As it stands, VIAAS's Complaint is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 556 U.S. at 678 .

## V.   CONCLUSION

This Court lacks personal jurisdiction over VSH because VSH does not have the requisite minimum contacts with Texas to satisfy due process. Further, because VSH is not incorporated in Texas, and does not maintain any regular physical place of business in Texas, the Western District of Texas is an improper venue for VIAAS's claims of patent infringement. Also, because VIAAS's Complaint lack any non-conclusory factual allegations or even identification of accused products underlying its infringement claims, the Complaint fails to set forth plausible claims for relief. Consequently, VIAAS's Complaint should be dismissed.

VSH respectfully requests the Court grant this motion in its entirety and enter an order dismissing VIAAS's Complaint. VSH further respectfully requests any and all such other and further relief to which it may be justly entitled.

Dated: December 5, 2022.                  Respectfully submitted,

By:   */s/ J. Michael Thomas*
         J. Michael Thomas (Texas Bar No. 24066812)
         FOLEY & LARDNER LLP
         2021 McKinney, Suite 1600
         Dallas, Texas 75201
         214-999-3000
         jmthomas@foley.com

         David R. Wright (Lead Attorney)
         (Application for Pro Hac Vice Forthcoming)
         Jared J. Braithwaite
         (Application for Pro Hac Vice Forthcoming)
         FOLEY & LARDNER LLP
         95 South State Street, Suite 2500
         Salt Lake City, Utah 84111
         801-401-8900
         drwright@foley.com
         jbraithwaite@foley.com

         *Attorneys for Defendant Vivint Smart Home, Inc.*

**<u>Certificate of Service</u>**

I certify that the foregoing document is being served via the Court's CM/ECF system on all counsel of record who consent to electronic service per Local Rule CV 5(a)(3), or, otherwise, as required by the local and federal rules.

*/s/ J. Michael Thomas*
J. Michael Thomas

**<u>Certificate of Conference</u>**

The undersigned hereby certifies that counsel for Defendant Vivint Smart Home, Inc. has, over the course of weeks, repeatedly attempted to contact and confer with counsel for Plaintiff VIAAS Inc. regarding the issues herein but counsel for Plaintiff VIAAS Inc. has not substantively responded or been available to confer.

*/s/ J. Michael Thomas*
J. Michael Thomas

17